**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **LACRISHA WILLIAMS,** | § | |
| *Plaintiff,* | § § § | |
| *v.* | § § | **CASE NO. 6:24-CV-00287-ADA-DTG** |
| **JOSH TETENS, et al.,** | § § | |
| *Defendants,* | § | |

**REPORT & RECOMMENDATION**

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the plaintiff, LaCrisha Williams' complaint (Dkt. No. 1). After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

## I.     BACKGROUND

On March 1, 2020, the pro se plaintiff, LaCrisha Williams, was arrested and charged with violations of Texas state law. Dkt. No. 1 at 6. She was released on bond pending trial and hired one of the defendants, Walter Reaves, to defend her case. *Id.* The plaintiff alleges that Mr. Reaves was unresponsive during her representation and failed to prepare her for trial. *Id.* at 7–8. On his recommendation, the plaintiff pled guilty in exchange for a recommended sentence of six (6) years' probation. *Id.* at 8. Judge Thomas West, who was presiding over the case, did not

accept the plea. *Id.* at 9. The plaintiff attempted to invoke her right to a speedy trial in court but was not allowed to speak. *Id.* At a later appearance, the plaintiff again tried to invoke her right to a speedy trial and represent herself pro se, but she was again not allowed to speak. *Id.* at 9–10. Judge West gave her thirty (30) days to get a new attorney and dismissed her from the courtroom. *Id.* at 10.

Later, Mr. Reaves withdrew from the plaintiff's representation and another attorney, Mark Morris, was appointed to take over her case. *See id.* at 14. During Mr. Morris's representation, the plaintiff wrote the district attorney, Josh Tetens, to remind him of her right to a speedy trial. *Id.* at 13–14. Mr. Tetens forwarded her letter to Mr. Morris, who reprimanded the plaintiff for contacting the district attorney. *Id.*

On May 24, 2024, the plaintiff filed suit against the defendants, Judge West, Mr. Reaves, Mr. Morris, and Mr. Tetens, under 42 U.S.C. § 1983. *See* Dkt. No. 1. The plaintiff alleges that the defendants violated her Sixth Amendment Right to a Speedy Trial and seeks a declaration that her rights were violated, an injunction requiring the defendants to resolve her case without further delay, and compensatory damages. *Id.* at 16. The plaintiff moved to proceed in this matter in forma pauperis. Dkt. No. 2.

## II.   ANALYSIS

Title 28 of the United States Code allows an indigent person to seek permission to file a civil suit without paying the filing fee by submitting a specific affidavit. 28. U.S.C. § 1915(a)(1). The affidavit must include "a statement of all assets such [person] . . . possesses [and] that the person is unable to pay such fees or give security therefor." *Id.* To prevent that privilege from abuse, Congress requires courts to dismiss a claim sua sponte if the Court determines it fails to state a claim upon which relief can be granted or "seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

On December 3, 2024, United States District Judge Alan Albright granted the plaintiff's motion to proceed in forma pauperis but did not screen the complaint under 28 U.S.C. § 1915(e). The undersigned therefore addresses its screening here and finds that the complaint should be **DISMISSED** pursuant to §§ 1915(e)(2)(B)(ii)–(iii).

**A.      Walter Reaves and Mark Morris Cannot Be Sued Under § 1983.**

A defendant can only be held liable under § 1983 for actions or omissions taken while acting under the color of state law. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). Because of the nature of the attorney-client relationship, a criminal defense attorney does not act under the color of state law when he performs his traditional functions as counsel, even if he was appointed by the state. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding that a public defender cannot be held liable under § 1983 for actions taken while "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Accordingly, both privately retained and publicly appointed criminal defense attorneys cannot be sued for their representation under § 1983. *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

The plaintiff seeks damages against Mr. Reaves, a privately retained attorney, and Mr. Morris, a state-appointed attorney, exclusively for actions they performed in the traditional function of defense counsel. *See* Dkt. No. 1 at 10–11, 14–15. Accordingly, neither defendant acted under the color of state law, and so the plaintiff has failed to state a cognizable § 1983 claim against them. The undersigned therefore **RECOMMENDS** that the claims against them be **DISMISSED** pursuant to § 1915(e)(2)(B)(ii).

**B.      Judge West and Josh Tetens are Immune from Monetary Damages.**

Both prosecutors and judges are absolutely immune from § 1983 damages for actions taken in their official capacity. *Mills*, 837 F.2d at 679; *Stump v. Sparkman*, 435 U.S. 349, 362–63 (1978) (stating that judges were absolutely immune for actions taken in a judicial capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427–29 (1976) (holding prosecutors are absolutely immune from suit for actions taken in a prosecutorial capacity). Accordingly, the plaintiff's claims for monetary damages against Judge West and Mr. Tetens are barred by absolute immunity, and so the Court **RECOMMENDS** that these claims be **DISMISSED** pursuant to § 1915(e)(2)(B)(iii).

**C.      The Plaintiff's Request is not Cognizable under § 1983.**

Finally, the plaintiff seeks a declaration that the defendants violated her speedy trial rights and an injunction requiring them to promptly resolve her state court prosecution without further delay. Dkt. No. 1 at 16. A state criminal defendant may enforce her right to a speedy trial in an ongoing state criminal proceeding through a federal action. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 490 (1984). However, actions asserting a plaintiff's right to a speedy trial are generally not cognizable under § 1983. *See Josey v. Texas Dept. of Pub. Safety*, 101 F. App'x 9, 10 (5th Cir. 2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (5th Cir. 2004)). Because such actions contest a criminal defendant's continued confinement, she must assert her right to a speedy trial through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See id.*; *see also Dickerson v. State of La.*, 816 F.2d 220, 224–26 (5th Cir. 1987).

The fact that the plaintiff is currently released on bond does not affect the propriety of habeas relief. A criminal defendant who is released on bond or pre-trial conditions is still subject to restraints on her freedom that are not shared by the general public. *Justices of. Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 300–01 (1984). If she fails to comply with these restraints, then she will be

returned to her state of confinement. *Id.* Accordingly, the plaintiff's requested relief lies in a petition for a writ of habeas corpus rather than in a suit under § 1983. *See id.*; *see also Josey*, 101 F. App'x at 10.

Even if the Court broadly construes the plaintiff's request as a petition for a writ of habeas corpus, her claim still fails. The plaintiff cannot assert her right to a speedy trial through habeas corpus proceeding until she first exhausts all available state remedies. *Dickerson*, 816 F.2d at 225. If the issues may be resolved by other state procedures still available to the petitioner, federal courts should abstain from hearing the case. *Id.* (citing *Braden*, 410 U.S. at 489–92).

The petitioner alleges that she attempted to invoke her right to a speedy trial once while present in court and was not allowed to speak and once when she wrote the district attorney to remind him of her right to a speedy trial. Dkt. No. 1 at 9, 13–14. She has not claimed to file any motion in state court asserting her right to a speedy trial, and so other state procedures are still available to her. Therefore, the undersigned **RECOMMENDS** that the Court abstain from hearing this matter and **DISMISS** the suit under § 1915(e)(2)(B)(ii).

### III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e).

### IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 8th day of July, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE